MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

MARIA NIEVES ROMERO RIVERA,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff*, | |
| | **COLLECTIVE ACTION UNDER** |
| -against- | **29 U.S.C. § 216(b)** |
| | |
| SILVER STAR CLEANERS INC.   (D/B/A | **ECF Case** |
| SILVERSTAR CLEANERS), HYUNG NAM | |
| JO (A.K.A. MR. WILLY), MEE S LIM (A.K.A. | |
| MEE S JO), HAN S KIM, OK IM KIM and | |
| MICHELLE DOE, | |
| | |
| *Defendants.* | |

------------------------------------------------------X

Plaintiff Maria Nieves Romero Rivera ("Plaintiff Romero" or "Ms. Romero"), individually

and on behalf of others similarly situated, by and through her attorneys, Michael Faillace &

Associates, P.C., upon her knowledge and belief, and as against Silver Star Cleaners Inc. (d/b/a

Silverstar Cleaners), ("Defendant Corporation"), Hyung Nam Jo (a.k.a. Mr. Willy),  Mee S Lim

(a.k.a. Mee S Jo), Han S Kim, Ok Im Kim and Michelle Doe, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Romero is a former employee of Defendants Silver Star Cleaners Inc. (d/b/a

Silverstar Cleaners), Hyung Nam Jo (a.k.a. Mr. Willy), Mee S Lim (a.k.a. Mee S Jo), Han S Kim,

Ok Im Kim and Michelle Doe.

2.     Defendants own, operate, or control a dry cleaning service, located at 243 West 72nd Street, New York, New York 10023 under the name "Silverstar Cleaners".

3.     Upon information and belief, individual Defendants Hyung Nam Jo (a.k.a. Mr. Willy), Mee S Lim (a.k.a. Mee S Jo), Han S Kim, Ok Im Kim and Michelle Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the dry cleaning service as a joint or unified enterprise.

4.     Plaintiff Romero was an employee of Defendants.

5.     Plaintiff Romero was employed as a general assistant at the dry cleaning service located at 243 West 72nd Street, New York, New York 10023.

6.     At all times relevant to this Complaint, Plaintiff Romero worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Romero appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiff Romero wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiff Romero to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Romero and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.   Plaintiff Romero now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.   Plaintiff Romero seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Romero's state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a dry cleaning service located in this district. Further, Plaintiff Romero was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Maria Nieves Romero Rivera ("Plaintiff Romero" or "Ms. Romero") is an adult individual residing in Queens County, New York.

16.    Plaintiff Romero was employed by Defendants at Silverstar Cleaners from approximately April 15, 2015 until on or about May 4, 2018.

17.    Plaintiff Romero consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.    At all relevant times, Defendants own, operate, or control a dry cleaning service, located at 243 West 72nd Street, New York, New York 10023 under the name "Silverstar Cleaners".

19.    Upon information and belief, Silver Star Cleaners Inc. (d/b/a Silverstar Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 243 West 72nd Street, New York, New York 10023.

20.    Defendant Hyung Nam Jo (a.k.a. Mr. Willy) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hyung Nam Jo (a.k.a. Mr. Willy) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Hyung Nam Jo (a.k.a. Mr. Willy) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Mee S Lim (a.k.a. Mee S Jo) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mee S Lim (a.k.a. Mee S Jo) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mee S Lim (a.k.a. Mee S Jo) possesses operational control over Defendant

- 4 -

Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Han S Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Han S Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Han S Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Ok Im Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ok Im Kim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ok Im Kim possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Michelle Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michelle Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michelle Doe

possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Romero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a dry cleaning service located in the Upper West Side section of Manhattan in New York City.

26.     Individual Defendants, Hyung Nam Jo (a.k.a. Mr. Willy), Mee S Lim (a.k.a. Mee S Jo), Han S Kim, Ok Im Kim and Michelle Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Romero's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Romero, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Romero (and all similarly situated employees) and are Plaintiff Romero's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiff Romero and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants Hyung Nam Jo (a.k.a. Mr. Willy), Mee S Lim (a.k.a. Mee S Jo), Han S Kim, Ok Im Kim and Michelle Doe operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiff Romero's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiff Romero, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Romero's services.

33.    In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the dry cleaning service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.    Plaintiff Romero is a former employee of Defendants who was employed as a general assistant.

36.    Plaintiff Romero seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria Nieves Romero Rivera*

37.    Plaintiff Romero was employed by Defendants from approximately April 15, 2015 until on or about May 4, 2018.

38.    Defendants employed Plaintiff Romero as a general assistant.

39.    Plaintiff Romero regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

40.    Plaintiff Romero's work duties required neither discretion nor independent judgment.

41.    Throughout her employment with Defendants, Plaintiff Romero regularly worked in excess of 40 hours per week.

42.     From approximately April 15, 2015 until on or about December 2017, Plaintiff Romero worked as a general assistant from approximately 7:00 a.m. until on or about 6:00 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 6:00 p.m., on Saturdays (typically 65 hours per week).

43.     From approximately December 2017 until on or about May 4, 2018, Plaintiff Romero worked from approximately 7:30 a.m. until on or about 4:30 p.m., Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:30 p.m., on Saturdays (typically 53.5 hours per week).

44.     Throughout her entire employment, Defendants paid Plaintiff Romero her wages in cash.

45.     From approximately April 15, 2015 until on or about September 2015, Defendants paid Plaintiff Romero a fixed salary of $450 per week.

46.     From approximately October 1, 2015 until on or about October 31, 2015, Defendants paid Plaintiff Romero a fixed salary of $500 per week.

47.     From approximately November 2015 until on or about November 2017, Defendants paid Plaintiff Romero a fixed salary of $550 per week.

48.     From approximately December 1, 2017 until on or about December 31, 2017, Defendants paid Plaintiff Romero $10.75 per hour.

49.     From approximately January 2018 until on or about March 2018, Defendants paid Plaintiff Romero $13.00 per hour and $19.50 per overtime hour but only for an average of 8 overtime hours.

50.     From approximately April 2018 until on or about May 4, 2018, Defendants paid Plaintiff Romero $12.00 per hour and $18.00 per overtime hour but only for an average of 5 overtime hours.

51.     Prior to December 2017, Plaintiff Romero was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

52.     Defendants required Plaintiff Romero to sign a notebook, which had the amount she was receiving and the pay date, in order to release her weekly pay.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Romero regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Romero an accurate statement of wages, as required by NYLL 195(3).

55.     In fact, starting from December 2017, Plaintiff Romero received work time reports with her weekly pay that reflected two different entries per day. Thus, the stubs reflected inaccurate hours worked.

56.     Defendants did not give any notice to Plaintiff Romero, in English and in Spanish (Plaintiff Romero's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     However, on or around December 2017, Defendants required Plaintiff Romero to sign a document in English and allowed her to keep an incomplete and unsigned copy of it. This document reflected her hourly rate per regular and overtime hour at $13 hourly rate and $19.50 per overtime hour.

58.     Defendants required Plaintiff Romero to purchase "tools of the trade" with her own funds—including a pair of plastic gloves every two weeks, a brush every three months and monthly Metro Cards that the owners used to do deliveries.

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Romero (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

60.     Plaintiff Romero was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

61.     Defendants' pay practices resulted in Plaintiff Romero not receiving payment for all her hours worked, and resulting in Plaintiff Romero's effective rate of pay falling below the required minimum wage rate.

62.     Defendants habitually required Plaintiff Romero to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

63.     Prior to December 2017, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

64.     Defendants required Plaintiff Romero to sign a notebook which had the amount she was receiving and the pay date, in order to release her wages.

65.     Further, Defendants did not provide Plaintiff Romero an accurate statement of wages as they reflected inaccurate hours worked and false entries for her daily hours.

66.    Plaintiff Romero was paid her wages in cash.

67.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Romero (and similarly situated individuals) worked, and to avoid paying Plaintiff Romero properly for her full hours worked.

69.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Romero and other similarly situated former workers.

71.    Defendants failed to provide Plaintiff  Romero and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.    Prior to December 2017, Defendants failed to provide Plaintiff Romero and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.   Plaintiff Romero brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

74.   At all relevant times, Plaintiff Romero and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

75.   The claims of Plaintiff Romero stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

76.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff Romero's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Romero (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

78.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.    Defendants failed to pay Plaintiff Romero (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81.    Defendants' failure to pay Plaintiff Romero (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Romero (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

84.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Romero (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.    Defendants' failure to pay Plaintiff Romero (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86.    Plaintiff Romero (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

87.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

88.    At all times relevant to this action, Defendants were Plaintiff Romero's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Romero, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

89.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Romero less than the minimum wage.

90.    Defendants' failure to pay Plaintiff Romero the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91.    Plaintiff Romero was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

92.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Romero  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.     Defendants' failure to pay Plaintiff Romero overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiff Romero was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

96.     Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants failed to provide Plaintiff Romero with a written notice, in English and in Spanish (Plaintiff Romero's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.   Defendants are liable to Plaintiff Romero in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

100.   With each payment of wages, Defendants failed to provide Plaintiff Romero with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101.   Defendants are liable to Plaintiff Romero in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

102.    Plaintiff Romero repeats and realleges all paragraphs above as though fully set forth herein.

103.   Defendants required Plaintiff Romero to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29
C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104.  Plaintiff Romero was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

105.   Plaintiff Romero repeats and realleges all paragraphs above as though set forth fully
herein.

106.  Defendants did not pay Plaintiff Romero on a regular weekly basis, in violation of
NYLL §191.

107.  Defendants are liable to Plaintiff Romero in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Romero respectfully requests that this Court enter judgment
against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of
notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency
of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in
this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and
associated rules and regulations under, the FLSA as to Plaintiff Romero and the FLSA Class
members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated
rules and regulations under, the FLSA as to Plaintiff Romero and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Romero's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Romero and the FLSA Class members;

(f)     Awarding Plaintiff Romero and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Romero and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Romero;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Romero;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Romero;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Romero's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Romero;

(m)     Awarding Plaintiff Romero damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Romero damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Romero liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Romero and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Romero and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Romero demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        May 18, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:  _____/s/ Michael Faillace_____
                             Michael Faillace [MF-8436]
                             60 East 42nd Street, Suite 4510
                             New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

May 11, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maria Nieves Romero Rivera

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                        11 de mayo de 2018

Date / Fecha:

*Certified as a minority-owned business in the State of New York*