**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARIA NIEVES ROMERO RIVERA, *individually and on behalf of others similarly situated,*

                  *Plaintiff,*

-against-

SILVER STAR CLEANERS INC. (D/B/A SILVERSTAR CLEANERS), HYUNG NAM JO (A.K.A. MR. WILLY), MEE S LIM (A.K.A. MEE S JO), HAN S KIM, OK IM KIM, AND, MICHELLE DOE,

                  *Defendants.*

**SETTLEMENT AGREEMENT**
**AND**
**GENERAL RELEASE**

18-CV-04427-PAC

---

    This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff MARIA NIEVES ROMERO RIVERA ("Plaintiffs") on the one hand and SILVER STAR CLEANERS INC. (D/B/A SILVERSTAR CLEANERS) ("Defendant Corporation") and HYUNG NAM JO (A.K.A. MR. WILLY) and MEE S LIM (A.K.A. MEE S JO) (together with the Defendant Corporation, "Defendants"), on the other hand.

    WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 18-CV-04427 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Twenty Four

Thousand Dollars ($24,000.00) (the "Settlement Amount") to be paid to Plaintiff or her agents or attorneys, as follows, and agree to enter a Judgment on consent in the amount of $91,000, as follows :

    (a)    Installment One: Five Thousand Dollars ($5,000.00) by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiff" and delivered to Plaintiff's counsel within fifteen days following the Court's approval of this agreement.

    (b)    Installments Two through Twenty: Payments shall be in 19 monthly payments of One Thousand Dollars ($1,000.00) by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiff" to be initiated on the first business day after thirty (30) days from the date of the prior installment and delivered to Plaintiff's counsel.

    (c)    All payments set forth above shall be by check made payable to "Michael A. Faillace Esq., as Attorney for Plaintiff," and shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and her counsel.

    (d)    In addition to the payments, Defendants agree to enter a Judgement on consent for the amount of $91,000, attached hereto as Exhibit A.

    2(a).    Plaintiff's counsel shall file with the court a stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exhibit B to this Agreement once the Agreement has been approved by the Court and the first payment check has been received by Plaintiff and cleared Plaintiff's counsel's escrow account and once the consent judgment has been entered by the Court. There shall be no distribution of settlement funds from Plaintiff's counsel's escrow account until the Court "so orders" the dismissal of this action.

    2(b).    In the event that the Settlement Amount is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately seek enforcement of this agreement.

    2(c).    In the event of Defendants' failure to cure the default, Plaintiff will enforce the confession of judgment which is executed concurrently with the stipulation of settlement.

    3.    Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiff in this Agreement, such Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any

damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

4. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases and forever discharges Defendants, their affiliates, parent organizations, subsidiaries, directors and managers from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which the Plaintiff at any time has, had or claimed to have against Defendants relating to their employment with Defendants and regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect their rights or abilities to enforce this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement.

5. <u>No Admission of Liability or Wrongdoing</u>: Plaintiff agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants deny that they engaged in any wrongdoing of any kind with respect to Plaintiff.

6. <u>Dismissal of the Litigation</u>: Plaintiff shall file a Stipulation of Dismissal with Prejudice (in the form of Exhibit B, attached hereto, which is incorporated to this agreement by reference) with the Court in this action after the Court approves the agreement and after receipt by Plaintiff's counsel of the lump sum payment. In the event that additional documentation is needed to terminate the Litigation as against Defendants, Plaintiff shall execute and submit all documents required to terminate such proceedings.

7. The Plaintiff individually agrees that the terms of this Agreement are fair and reasonable and Plaintiff individually agrees, that if asked by a Court in the context of a Fairness Hearing under the FLSA, to confirm that the terms as applied to that Plaintiff are fair and reasonable. Plaintiff agrees that any compromises reached in achieving this Agreement furthers the implementation of the Fair Labor Standards Act in the workplace. Plaintiff further agrees that litigation of the case to final decision could result in a denial of all claims, as factual disputes exist

as to the validity of Plaintiff's respective claims. All parties agree that extended litigation of the claims raised in the Action would be burdensome and expensive and therefore voluntarily agree to resolve the issues by way of this Agreement to avoid such burdens and expenses. All parties agree that they have been assisted by competent and able counsel and agree that the terms of this Agreement resulted from arms' length negotiations conducted under the auspices of a United States Magistrate Judge, a duly appointed neutral mediator.

8. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

9. Acknowledgment: Plaintiff acknowledges that they have been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiff represents she has not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

Plaintiff confirms that this settlement agreement and general release have been translated to her in Spanish and that they understand the terms of this agreement and that she is signing this agreement voluntarily.

10. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Sungchan Cho, Esq.
ATTORNEY AT LAW
35-71 162nd Street, Floor 1
Flushing, NY 11358
Tel: (718) 321-2577
Fax: (718) 321-0119
Email: sungchanlaw@gmail.com

11.   Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

12.   Enforceability:   If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13.   Release Notification:   Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that she has consulted with Michael Faillace & Associates, P.C. Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff confirms that this Confidential Settlement Agreement and General Release have been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

14.   Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 6/27/19                                     _____
                                                    Maria Nieves Romero Rivera

SILVER STAR CLEANERS INC.

Dated: June 27, 2019

_____
Individually and
as Chief Executive Officer

Dated: June 27, 2019

_____
Hyung Nam Jo

Dated: June 27, 2019

_____
Mee S Lim

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA NIEVES ROMERO RIVERA, *individually and on behalf of others similarly situated*,

                              *Plaintiff*,

        -against-

SILVER STAR CLEANERS INC. (D/B/A SILVERSTAR CLEANERS), HYUNG NAM JO (A.K.A. MR. WILLY), MEE S LIM (A.K.A. MEE S JO), HAN S KIM, OK IM KIM, AND, MICHELLE DOE,

                              *Defendants.*
-----------------------------------------------------------------X

18-CV-04427-PAC

CONSENT JUDGMENT

ECF Case

The Court hereby renders Judgment as follows:

Judgment is entered in favor of Plaintiff Maria Mieves Romero Rivera against Defendants Silver Star Cleaners Inc. (d/b/a Silverstar Cleaners) and Hyung Nam Jo and Mee S Lim, jointly and severally, in the amount of $91,000.00.

We stipulate to and request entry of this consent judgment.

Maria Nieves Romero Rivera

By: _____

Silver Star Cleaners Inc. (d/b/a Silverstar Cleaners)

By: _____

Hyung Nam Jo

By: _____

Mee S Lim

By: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA NIEVES ROMERO RIVERA, *individually and on behalf of others similarly situated,*

                                      Plaintiff,

           -against-

SILVER STAR CLEANERS INC. (D/B/A SILVERSTAR CLEANERS), HYUNG NAM JO (A.K.A. MR. WILLY), MEE S LIM (A.K.A. MEE S JO), HAN S KIM, OK IM KIM, AND, MICHELLE DOE,

                                    *Defendants.*
-----------------------------------------------------------------X

18-CV-04427-PAC

CONSENT JUDGMENT

ECF Case

The Court hereby renders Judgment as follows:

Judgment is entered in favor of Plaintiff Maria Mieves Romero Rivera against Defendants Silver Star Cleaners Inc. (d/b/a Silverstar Cleaners) and Hyung Nam Jo and Mee S Lim, jointly and severally, in the amount of $91,000.00.

We stipulate to and request entry of this consent judgment.

Maria Nieves Romero Rivera

By: _____

Silver Star Cleaners Inc. (d/b/a Silverstar Cleaners)

By: _____

Hyung Nam Jo

By: _____

Mee S Lim

By: _____

CORPORATE ACKNOWLEDGMENT
OF SILVER STAR CLEANERS INC.

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF QUEENS     )

On the 27th day of June, 2019, before me personally came Hyung Nam Jo, as the Chief Executive Officer of SILVER STAR CLEANERS INC. to me known who, being by me duly sworn, did depose that he is the Chief Executive Officer of SILVER STAR CLEANERS INC., and that he/she is the individual described in and who executed the foregoing Consent Judgment, and duly acknowledged to me that she executed the same.

_____
Notary Public

PERSONAL ACKNOWLEDGMENT OF HYUNG NAM JO

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF QUEENS     )

On the 27th day of June 2019, before me personally came HYUNG NAM JO, to me known who, being by me duly sworn, did depose and say that she is the individual described herein and who executed the foregoing Consent Judgment, and duly acknowledged to me that she executed the same.

_____
Notary Public

PERSONAL ACKNOWLEDGMENT OF MEE S LIM

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF QUEENS     )

On the 27th day of June 2019, before me personally came MEE S LIM, to me known who, being by me duly sworn, did depose and say that she is the individual described herein and who executed the foregoing Consent Judgment, and duly acknowledged to me that she executed the same.

_____
Notary Public

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA NIEVES ROMERO RIVERA, *individually and on behalf of others similarly situated*,

                      Plaintiff,

-against-

SILVER STAR CLEANERS INC. (D/B/A SILVERSTAR CLEANERS), HYUNG NAM JO (A.K.A. MR. WILLY), MEE S LIM (A.K.A. MEE S JO), HAN S KIM, OK IM KIM, AND, MICHELLE DOE,

                      *Defendants*.

18-CV-04427-PAC

**STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action against Defendants SILVER STAR CLEANERS INC. (D/B/A SILVERSTAR CLEANERS), HYUNG NAM JO (A.K.A. MR. WILLY) and MEE S LIM (A.K.A. MEE S JO), are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
      June 27, 2019

Sungchan Cho, Esq.
Attorney At Law
35-71 162nd Street, Floor 1
Flushing, NY 11358
Tel: (718) 321-2577
Fax: (718) 321-0119
Email: sungchanlaw@gmail.com
*Attorneys for Defendants*

Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: 212-317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiff*